UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JULIE M. SISLER,

                Plaintiff,

v.

WAL-MART STORES, INC., and
WEXLER AND WEXLER,

                Defendants.

DECISION AND ORDER
02-CV-602A

FILED
DEC 2 4 2003
CLERK, US DISTRICT COURT, WDNY

       Plaintiff filed this action alleging that she was improperly terminated from defendant Wal-Mart, forced to sign a Restitution Letter in favor of Wal-Mart, and then subject to improper debt collection practices by Wexler and Wexler when it attempted to collect the debt on behalf of Wal-Mart. Defendant Wexler and Wexler, ("Wexler") or ("defendant"), filed a motion to dismiss the complaint asserting that the Court lacks personal jurisdiction over it.

       On August 13, 2003, Magistrate Judge Hugh B. Scott issued a Report and Recommendation concluding that the exercise of personal jurisdiction over Wexler is appropriate and concluding that the motion to dismiss should be denied. Wexler filed objections to the Report and Recommendation on August 28, 2003, and plaintiff filed a response on November 13, 2003. The Court heard oral argument on December 11, 2003.

Defendant argues that the Court lacks personal jurisdiction over it because it does not have sufficient minimum contacts with the State of New York to satisfy Due Process requirements, citing International Shoe Co. v. Washington, 326 U.S. 310 (1945). Wexler also argues that it does not conduct business within the State of New York or otherwise satisfy the requirements for jurisdiction under the New York long arm statute. Wexler contends that the letters sent into New York to collect on the debt plaintiff allegedly owes to Wal-Mart do not constitute the transaction of business but are merely solicitation of business. Finally, Wexler argues that plaintiff's complaint is deficient because in it she failed to assert the particular section of the New York long arm statute upon which jurisdiction is predicated.

In its objections, Wexler failed to address the case of Sluys v. Hand, 831 F. Supp. 321 (S.D.N.Y. 1993), the district court case upon which Magistrate Judge Scott primarily relied in reaching his conclusions. In Sluys v. Hand, the court found proper under New York Civil Procedure Law and Rules § 302(a)(1) the exercise of personal jurisdiction over an Indiana attorney who sent debt collection letters to a debtor in New York, when the debt collection practices were the subject of the lawsuit. The court found that the Indiana attorney had purposely availed himself of the laws and privileges of the State. The court stated "[b]y sending the letters in dispute from Indiana into New York, defendant caused an impact in New York, and plaintiff's claim is predicated upon the act of

2

sending the letters and their impact in New York." Sluys, 831 F. Supp. at 324. Here, as in Sluys, plaintiff's claim against defendant arises out of the letters defendant sent into New York. The Court agrees with the reasoning and decision in Sluys v. Hand.

Under these circumstances, the contacts between Wexler and Wexler and the plaintiff, as alleged in the complaint, are sufficient to satisfy both the New York long arm statute, as well as Due Process.

## CONCLUSION

For the reasons stated above, the Report and Recommendation is adopted in its entirety and the motion to dismiss the complaint as against Wexler and Wexler is denied.

IT IS SO ORDERED.

RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

Dated: December 24, 2003